**SO ORDERED.**

**SIGNED this 02nd day of March, 2007.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE<br><br>ROSAN CALVILLO<br><br>*DEBTOR* | BANKR. CASE NO.<br><br>99-52993-C<br><br>CHAPTER 7 |
| ROSAN CALVILLO<br><br>*PLAINTIFF*<br><br>V.<br><br>BUSINESS & PROFESSIONAL SERVICES, D/B/A MEDICAL-DENTAL-HOSPITAL BUREAU OF SAN ANTONIO, INC.<br><br>*DEFENDANT* | ADV. NO. 07-5005-C |

**ORDER DENYING MOTION OF DEFENDANT TO DISMISS COUNT TWO OF PLAINTIFF'S COMPLAINT**

CAME ON for consideration the foregoing matter. Defendant moves to dismiss Count Two of Plaintiff's complaint, which seeks recovery under the Fair Credit Reporting Act. Defendant says that the case law supports the view that the plaintiff's exclusive remedy lies under the Bankruptcy Code, because the debt in question was discharged in bankruptcy. The defendant cites to a Supreme

Court decision which pre-dates the enactment of the Bankruptcy Code, to a Ninth Circuit decision (the only circuit authority cited), and a number of district and bankruptcy court decisions.

The court finds the Supreme Court precedent unpersuasive because it does not address the preclusive intent (if any) of the Bankruptcy Code *vis-a-vis* the Fair Credit Reporting Act.  The court similarly rejects the numerous district court decisions presented, as none are binding on this court.  The court acknowledges the precedent from the Ninth Circuit, though the decision is not precisely on point, dealing as it does with a claim brought under the Fair Debt Collection Practices Act.  *See Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2001).  However, the court finds more persuasive the reasoning offered up by Judge Frank Easterbrook, of the Seventh Circuit, who authored a decision of a panel of that circuit which rejected *Walls*.  *See Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991 (7th Cir.2003); *Hyman v. Tate*, 362 F.3d 965 (7th Cir.2004).  Said Judge Easterbrook, "When two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other – and repeal by implication is a rare bird indeed.  It takes either irreconcilable conflict between the statutes or a clearly expressed legislative decision that one replace the other."  *Id.*, at 730, *citing Branch v. Smith,* 538 U.S. 354, 273 (2003).  Judge Easterbrook concluded that neither was to be found in the case of the FDCPA.  Similar logic indicates the ruling in that circuit would be the same were the FCRA before the court.

Based on the cogent logic of Judge Easterbrook, speaking for the Seventh Circuit in *Randolph*, the court declines the defendant's invitation to follow the lead suggested by the Ninth Circuit in *Walls*.  The motion to dismiss for failure to state a claim is accordingly denied.

# # #